## Case No. 7,846.

### KIRKPATRICK et al. v. AMERICAN STEAMSHIP CO.

[2 Wkly. Notes Cas. 308.]

District Court, E. D. Pennsylvania. Nov. 5, 1875.

CARRIERS—BILL OF LADING—FAILURE TO SHIP ON INDICATED VESSEL—INSURERS.

Construction of clause providing for shipment, if prevented from any cause, on a succeeding vessel of the same line.

Sur libel and answer. The libel set forth that the libellants [Kirkpatrick, Kinsey & Co.], being desirous of shipping sixty-two rolls of leather to consignees in Liverpool, on the 30th June, 1875, delivered to respondents at their wharf, in Philadelphia, the said goods, and requested them to forward the same by the steamship Indiana, a vessel of respondents' line, then freighting for a voyage from Philadelphia to Liverpool, and advertised to sail July 1, 1875. Respondents, having agreed to transport the goods as requested, gave to libellants a bill of lading, but, instead of shipping the leather on board

the Indiana, withheld it until the following week, without the knowledge of libellants, and then put it on board the Abbotsford, another vessel of their line, which set sail for Liverpool on July 8. The Abbotsford was lost at sea in a fog off Wylfa Head on the Welsh coast, together with all the cargo, including the leather belonging to the libellants. The answer admitted the facts of the contract with the libellants, the shipment of the goods on the Abbotsford, and the loss of that steamer and her cargo, and set up in defence a stipulation in the bill of lading delivered to the libellants, which read as follows: "In case the whole or any part of the goods specified herein be prevented by any cause from going in said ship, the ship-owner is only bound to forward them by succeeding ships of this line." The answer then averred that the steamship Indiana completed her full cargo without being able to take on board the articles intended to be shipped by libellants, and that in consequence thereof, and under the terms set forth in the contract, the libellants' goods were forwarded by the next succeeding vessel of the same line, viz., the steamship Abbotsford.

Mr. Coulston, for libellants.

The bill of lading being an absolute contract to ship the goods by the Indiana, any shipment upon another vessel without notice to libellants is a violation of the contract by respondents, and renders them liable as insurers against all loss from whatever cause. Bazin v. Steamship Co. [Case No. 1,152].

CADWALADER, District Judge. That case is clearly distinguishable. There the bill of lading read, ". . . Failing shipment by her, then by the first steamship sailing after that date," and the respondents shipped by a vessel which sailed a week before the time provided for the sailing of the ship by which the goods were originally to have been carried. To defend successfully under the stipulation, respondents should aver that they were prevented from carrying the goods upon the Indiana by some sufficient cause of which the libellants were notified. Otherwise any insurance obtained by the owners upon the goods as shipped by the Indiana could have been vitiated by the transportation in a different vessel.

M. P. Henry, for respondents.

There can be no doubt as to the interpretation of this clause of the bill of lading, and under it the action of the company was entirely justifiable.

CADWALADER, District Judge. Does not the exception in the bill of lading refer to cases where for some reason transshipment becomes necessary after the goods have been originally loaded, so as to authorize the carrier to transship to a subsequent vessel of the same line, instead of sending by the first vessel? The averments of the answer come within the words "any cause" in the stipulation. The clause is beneficial to the ship-

per, as it enables him to obtain the advantage of a bill of lading which he can draw against immediately upon his delivery of the goods to the carrier, which would otherwise be impracticable.

CADWALADER, District Judge. This case was argued upon libel and answer, and, having been considered, the respondents are allowed, if so advised, to amend their answer. If it shall not be amended before the next stated session of the court on the 12th instant, a decree will be entered by the clerk for libellants. In giving leave to amend, the court will not be understood as intimating that the present answer does not sufficiently and properly raise the true question to be decided between the parties.

Nov. 12. The respondents having declined to amend, decree for libellants.

And afterwards, on Dec. 21, 1875, the amount due the libellants was assessed at $1,945.45, with costs.